# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MEDPACE, INC.,

        Plaintiff,

v.

INSPIREMD, LTD.,

        Defendant.

Case No. 1:16-cv-830

Bertelsman, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

On December 14, 2017, the presiding district judge referred the supervision of discovery, including the resolution of non-dispositive pretrial motions, to the undersigned magistrate judge. (Doc. 34). Defendant has filed a motion to stay discovery and pretrial deadlines. For the reasons that follow, the motion will be granted in part.

**Background**

Plaintiff Medpace, Inc. ("Medpace") and InspireMD, Ltd. ("Inspire") entered into a contract under which Medpace was to assist with certain clinical trials of Inspire's product(s), which included Inspire's MGuard Prime Stent Styem (the "Stent"). The parties agree the key agreement is the Master Services Agreement (the "MSA"), although Inspire also relies upon a document called the Task Order that it maintains further defines the terms of the contract.

In its complaint, Medpace alleges that Inspire owes Medpace up to $2 million dollars, either as a result of a breach of the contract, or under theories of promissory estoppel or unjust enrichment. The promissory estoppel and unjust enrichment claims are pleaded in the alternative.[1] In response to the complaint, Inspire filed a counterclaim that also sought breach of contract, as well as fraudulent inducement, negligent misrepresentation and violation of Ohio's Deceptive Trade Practices Act. Inspire's counterclaims seek damages totaling approximately $3 million dollars. The Court's current scheduling order directs the parties to complete discovery by August 3, 2018, with motions not directed to the pleadings to be filed by September 7, 2018.

Barely two months into discovery, Inspire filed a motion for partial summary judgment on Medpace's claims, arguing that the valid and enforceable contract that is at the heart of the dispute contains clear and unambiguous language, which entitles Inspire to judgment as a matter of law. (*See* Doc. 35-1 at 5: "The Agreements either provide for the additional payments that Medpace seeks, or they do not.") A week later, Inspire filed motion to stay further discovery and to stay all other pretrial deadlines pending resolution of the motion for summary judgment. Inspire's motion essentially argues that: (1) the fundamental issue in this case is the parties' differing interpretations of the contractual language, which is an issue of law that requires no discovery; (2) Defendant is an Israeli company with limited financial resources; (3) the amount and type of discovery sought on Inspire's counterclaims will be exorbitantly expensive for Defendant to respond to, such that the discovery costs would either require it to drop the claims and/or hinder the possibility of any future settlement. Inspire seeks to stay all

---

[1]The Court previously denied Inspire's motion to dismiss the alternative claims. (Doc. 24).

discovery until resolution of its motion for summary judgment, suggesting that the disposition of the pending motion may spur the parties to resolve their dispute extrajudicially, implying that Inspire may simply drop its counterclaims rather than proceed with the expense of discovery.

Medpace strongly objects to any stay, arguing in part that preventing Medpace from pursuing discovery on the counterclaims (which Medpace views as frivolous) would be greatly prejudicial to Plaintiff, including but not limited in its position in any future settlement negotiations. As to Inspire's claims of the cost of discovery, Medpace argues that the projected high costs are due to deliberate and strategic tactics and positioning by Inspire, which it could easily avoid. Medpace also points out that although Inspire makes much of its "limited" means, Inspire is represented by very large firms and appears to have spared no expense to date. Medpace maintains that the cases cited by Inspire in favor of a stay are all distinguishable, and that Inspire has otherwise failed to show good cause for a stay.

Although the undersigned is well aware of the vigorous motion practice and briefing that undercut Inspire's claim of its "limited" means,[2] the undersigned nevertheless will exercise her judicial discretion to grant the requested stay in part. Medpace makes only a cursory and unpersuasive argument that it needs any discovery at all in order to respond to the pending motion for summary judgment (see Doc. 29 at 10), at least insofar as that motion seeks to resolve, as a matter of law, the two parties' differing constructions or interpretations of the same contractual language. The

---

[2] In addition to multiple motions to dismiss and the pending motion for summary judgment, Inspire filed more than 30 pages of briefing on the pending motion to stay alone, which was supported by 20 exhibits spanning 264 additional pages.

3

undersigned agrees that Medpace could be prejudiced by a lengthy stay, but in light of the briefing schedule, finds good cause to grant a relatively short stay of three months at this time, conditioned on some actions by Inspire that will ensure that little time is lost if and when discovery resumes.

**Conclusion and Order**

For all the reasons stated herein, **IT IS ORDERED THAT:**

1. The motion to stay all discovery and all pretrial deadlines pending the issuance of a decision on Inspire's motion for summary judgment (Doc. 37) is conditionally GRANTED IN PART, as otherwise indicated in this Order;

2. So that discovery may quickly resume following disposition of the pending motion, Inspire must respond to the following:

   a) Inspire shall enter into an agreed protective order with Medpace regarding future discovery, on or before April 30, 2018 regarding future document production; and

   b) Inspire shall respond to Medpace's inquiries regarding which, if any, of the fifteen individuals identified by Inspire with knowledge of its claims may have scheduled travel in the United States in the coming months;

3. Discovery shall be stayed only for three months, until **June 11, 2018,** with all corresponding pretrial deadlines to be simultaneously extended;

4. The dates by which expert witnesses shall be identified and furnish reports shall be extended for both parties until **August 24, 2018**, with a corresponding deadline of **September 28, 2018** for rebuttal experts, and with

all discovery to be completed by **November 5, 2018**. Any summary judgment motions shall be filed not later than **December 8, 2018**.

5. If either party believes a further stay or extension of discovery is required, or any other dispute arises that relates to this Order, the parties are to fully exhaust extrajudicial efforts to resolve their dispute prior to seeking intervention from this Court. If unable to resolve the dispute extrajudicially, they must contact [Bowman_Chambers@ohsd.uscourts.gov](mailto:Bowman_Chambers@ohsd.uscourts.gov), or the undersigned's deputy clerk Kevin Moser at 513-564-7680 to request a telephonic status conference before filing a motion.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge